IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY M. HOAK, ) | |
| ) | |
| Plaintiff, ) | Case No. CV08-447-S-CWD |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| ADA COUNTY; SHERIFF GARY ) | |
| RANEY; ADA COUNTY JAIL ) | |
| DEPUTY #4693, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Previously in this prisoner civil rights case, the Court permitted Plaintiff to proceed on his access to courts and retaliation claims. Pending before the Court are several motions filed by the parties that are now ripe for adjudication. All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the record and considered the parties' briefing, the Court has determined that oral argument is unnecessary. Accordingly, the Court enters the following Order.

### PLAINTIFF'S MOTION FOR WRIT OF HABEAS CORPUS

Plaintiff alleges that he is having difficulty accessing the legal resource center at the prison. He is fearful that he will not be given adequate writing and mailing supplies to be able to pursue his state post-conviction case and this case. After a review of the record in this case, the Court concludes that Plaintiff has been able to properly file

motions, responses, and replies. In addition, habeas corpus is a cause of action whereby one challenges a conviction or sentence. It is not appropriately asserted in the midst of a civil rights action addressing conditions of confinement. Accordingly, Plaintiff's Motion will be denied for lack of an adequate legal or factual basis.

## DEFENDANTS' MOTION TO DISMISS

### A.    Summary Dismissal and Summary Judgment Standards of Law

Defendants have filed a Motion to Dismiss under Federal Rule of Civil Procedure 12, but alternatively request that the Court treat it as a motion for summary judgment under Rule 56, because they are relying on facts and documents outside the pleadings. Good cause appearing, the Court will apply the Rule 56 standard of law. To ensure that Plaintiff has had an opportunity to adequately respond, the Court will conditionally grant Defendants' Motion, but allow Plaintiff ten (10) additional days to submit any further evidence or argument before the Court considers whether to make the ruling final and to dismiss this action. Plaintiff may wish to review the Notice to Pro Se Litigants of the Summary Judgment Rule Requirements sent to him by the Clerk of Court on January 20, 2009.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

MEMORANDUM DECISION AND ORDER   2

(1986).

In a motion for summary judgment, the moving party bears the "initial burden of identifying for the court those portions of the record which demonstrate the absence of any genuine issues of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party. To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could

MEMORANDUM DECISION AND ORDER 3

reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby*, 477 U.S. at 252.

### B. Material Facts

During the course of two other previous federal lawsuits asserting multiple claims, CV06-378-BLW and CV07-507-EJL, Plaintiff initiated settlement negotiations with Ada County. On January 9, 2008, in exchange for $750.00, Plaintiff signed a release of claims. The language of the Release plainly covers the following: (1) all claims against Ada County, the Ada County Sheriff's Office, the Ada County Jail, and their officers, agents, and employees; and (2) any and all manner of actions, causes of actions, rights, suits, whether by federal or state law, arising out of or in any manner connected with the events or circumstances occurring between the date of Plaintiff's incarceration at the Ada County Jail (an unknown date prior to December 2007) through the date of the Release (January 9, 2008), including but not limited to claims arising from the two then-pending lawsuits. (Affidavit of Ray Chacko, Exhibit 1, Docket No. 17-2.)

In this federal civil rights lawsuit, Plaintiff's Complaint sets forth an access to courts claim, retaliation claim (destruction of legal materials upon transport), and loss of property claim that arose at the time of his transport from the Ada County Jail on or about December 24, 2007. On the date the above settlement was executed, January 9, 2008, Plaintiff was no longer held by the Ada County Jail, but was in the custody of the Idaho Department of Correction.

### C.     Standard of Law Governing Idaho Contracts

The Release at issue is governed by Idaho contract law,[1] which can be summarized as follows:

> When the language of a contract is clear and unambiguous, its interpretation and legal effect are questions of law. An unambiguous contract will be given its plain meaning. The purpose of interpreting a contract is to determine the intent of the contracting parties at the time the contract was entered. In determining the intent of the parties, this Court must view the contract as a whole. If a contract is found ambiguous, its interpretation is a question of fact. Whether a contract is ambiguous is a question of law. A contract is ambiguous if it is reasonably subject to conflicting interpretations.

*Bakker v. Thunder Spring-Wareham, LLC*, 108 P.3d 332, 337 (Idaho 2005).

### D.     Discussion

The Court first notes that Plaintiff has provided many extraneous facts that are not relevant to the narrow issue at hand–whether he released Defendants from liability for the claims in his current Complaint when he signed the Release.  Therefore, the Court will address only those arguments that are relevant to the Release.

Plaintiff argues that the Release covers *only* those claims that arose during the time period Plaintiff was in actual physical custody within the Ada County Jail.  (Plaintiff's Response to Motion to Dismiss, p. 3, Docket No. 21.)  This is an implausible interpretation of the plain and simple language of the Release, which includes a release of

---

[1] *See Jeff D. v. Andrus*, 899 F.2d 753, 759-60 (9th Cir.1989) (contract governed by law of the state of Idaho, where the contract was executed and where the parties to the contract reside).

*any and all* claims beginning the first date of incarceration at the Jail and ending on January 9, 2008.  Plaintiff's current claims clearly fit within the time period for which claims were released, as Plaintiff specifically notes that his legal work had been taken "when he was heading out the door" of the Ada County Jail, during transport on or about December 24, 2007, which is *prior* to January 9, 2008.

Plaintiff also generally alleges that the "contract was gotten under duress and false pretenses." (Plaintiff's Sur-Reply, p. 1, Docket No. 24.)  In support of his claim of duress and false pretenses, he argues that "Deputy #4693 [who presumably is responsible for taking Plaintiff's legal materials] was not a defendant in Case Nos. 06-378-BLW and 07-507-EJL." (*Id.*)  In other words, Plaintiff alleges that counsel for Ada County tricked him because they intended to have him release all possible claims, and he intended to release only claims set forth in his then-pending lawsuits.  However, he provides no other facts to support his vague allegations.

The Release plainly states that it is for "any and all manner of actions" and that it includes claims "arising out of or in any manner connected with the events or circumstances occurring on or about the dates of RELEASOR'S incarceration in the Ada County Jail through the date of this Release Agreement, inclusive, *involving Ada County Sheriff's staff* and, *including but not limited to*, incidents of alleged misconduct set forth in Case Nos. 06-378-BLW and 07-507-EJL. . . ."  (Release, ¶ 1, Docket No. 17-2,

MEMORANDUM DECISION AND ORDER  6

emphasis added).  The Release also releases Ada County employees and officers, whether "*referred to or not*," negating Plaintiff's argument that the legal materials claim was not released because Deputy #4693 was not specifically included in the Release.  (*Id.*, emphasis added.)

Reviewing the Release for ambiguity, the Court notes that paragraphs two and three rather oddly speak in terms of a *singular* claim: "the incident described above"; "this settlement is the compromise of *a* doubtful and disputed *claim*"; and "*the* Stipulation for Dismissal with Prejudice to be filed with the court in *this* matter."   This paragraph must be read together with the comprehensive release paragraph clearly releasing "any and all" claims.  The Court concludes that reading the entire Agreement does not lead one to believe that only one claim has been released, and that the Release is not made ambiguous by changing from the plural to the singular, given that the change follows the comprehensive list of the claims being released.

Even if the Court were to conclude that the Release is ambiguous, extraneous evidence supports an interpretation that many claims were released.  Plaintiff does not argue that this change made any difference to him; rather, his allegations make it clear that he himself read the Release to encompass more than one claim, as he states his belief that the Release covers claims during "the incarceration at the Ada County Jail." (Response, p. 3, Docket No. 21.)   The Court also takes judicial notice that Plaintiff

MEMORANDUM DECISION AND ORDER  7

signed two stipulations, one covering at least six different claims asserted in Case No. CV-06-378-BLW (see Docket No. 71 in that case), and another covering medical claims related to his diabetic condition in Case No. CV-07-EJL (Docket No. 10 in that case). These facts support the conclusion that many claims, not one claim, were covered by the Release.

The remainder of the Release addresses Plaintiff's awareness of the settlement terms, desire to settle, and competence to enter into the contract. The Release provides that Plaintiff acknowledged he signed "of his own free act," without "promises, inducements, or agreements," and that he was of "sound mind" when he acted. (Release, p. 2, Docket No. 17-2.) The Court concludes that Plaintiff's vague allegations of conspiracy to deprive him of his legal materials, duress, or false pretenses are unsupported by facts and unsupported by the Release, when read as a whole. With his vague allegations, Plaintiff has not met his burden of production to set forth, by affidavits, exhibits, or otherwise, "specific facts showing that there is a genuine issue" of material fact as to the breadth of claims covered by the Release. *T.W. Electric Serv.*, 809 F.2d at 630.

Finally, Plaintiff argues that Defendants and Ada County officials conspired to take his legal documents, and, by so doing, "broke the law to get a settlement." (Plaintiff's Response to Motion to Dismiss, p. 5, Docket No. 21.) However, the difficulty

with these allegations as a means to negate the validity of the settlement agreement is that Plaintiff knew of the factual basis of his claim–that his legal documents had been taken–at the time he met with Ada County officials to settle his two other cases.  Knowing that Ada County employees had taken Plaintiff's legal work on or about December 24, 2007, Plaintiff nevertheless signed the comprehensive Release on January 9, 2008.  (*Id.*, p. 30.) The plain language of the Release covers all claims *arising from* his incarceration at the Ada County Jail.  The taking of the legal papers arose from his incarceration, as jail staff would have had no occasion to come in contact with Plaintiff's legal papers had he not been incarcerated there.

Based on the record before the Court at this time, the Court concludes as a matter of law that (1) the Release is not ambiguous, (2) Plaintiff released Defendants from liability for the claims asserted in this action, and (3) the claims are now subject to dismissal with prejudice.  Therefore, the Motion to Dismiss shall be conditionally granted.  As noted above, because the Court is considering the Motion to Dismiss as a motion for summary judgment under Rule 56, Plaintiff may provide any additional facts and argument to the Court within ten (10) days.

## OTHER PENDING MOTIONS

As a result of the foregoing analysis, Plaintiff's Motions for Reconsideration to allow him to proceed with claims against Ada County shall be denied. (Docket Nos. 9 & 10.)  In addition, Plaintiff's Motion to Reconsider Order Requiring Payment of Filing Fee and Appointment of Counsel shall be denied.  (Docket No. 10.)  *See* 28 U.S.C. 1915(b)(1) ("if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee").  The Court is not inclined to grant Defendants' request for attorney's fees and costs at this point in time because of Plaintiff's status as an inmate and layperson.

Plaintiff also earlier filed an ex parte letter that addressed an unrelated search of his legal materials at the *prison* on May 14, 2009.  (Docket No. 29.)  Despite Plaintiff's assertion that the letter is relevant to this case because "the Ada County Jail did the same thing," the Court concludes that the incident is unrelated to this case and the particular issues addressed in Defendants' Motion to Dismiss.  In addition, the Court agrees with Defendants' assessment that the letter is an improper ex parte communication with the Court.  (Docket No. 30.)  Plaintiff's "Motion: Objection to Defendants' Objection to the Plaintiff's Ex Parte Communication to the Court" and "Motion: Supplement Motion: Adding the Ex Parte Letter to Case" (Docket Nos. 31 & 32) shall be denied because the letter is irrelevant to this case.

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Writ of Habeas Corpus (Docket No. 5) is DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Reconsider (Docket No. 9 and 10) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's "Motion: Objection to Defendants' Objection to the Plaintiff's Ex Parte Communication to the Court" and "Motion: Supplement Motion: Adding the Ex parte Letter to Case" (Docket Nos. 31 & 32) are DENIED.

IT IS FURTHER HEREBY ORDERED that Defendants' Motion to Dismiss, treated as a Motion for Summary Judgment (Docket No. 13), is CONDITIONALLY GRANTED, and Defendants' request for attorney's fees (contained in Docket No. 13) is DENIED.

IT IS FURTHER HEREBY ORDERED THAT **within ten (10) days, Plaintiff may submit any supplemental arguments (limited to 10 pages) and/or exhibits pursuant to Rule 56.  Plaintiff shall not repeat any prior arguments or duplicate prior exhibits, but shall refer to prior exhibits by reference only**.  Thereafter, the Court will determine whether to make the granting of the Motion final and dismiss the case with prejudice.



DATED: July 10, 2009

Honorable Candy W. Dale
United States Magistrate Judge